# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **KRISTI WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 4:13-CV-2266-VEH |
| | ) |
| **CAGLE'S, INC.,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## **MEMORANDUM OPINION**

On April 3, 2014, the undersigned set aside the entry of default in this case noting:

> The complaint in this case was filed on December 17, 2013, and alleges a violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq*., which allegedly occurred in May of 2012. (Doc. 1 at 2-4). The Confirmation Order issued by the Bankruptcy Court on October 19, 2012, contains an injunction prohibiting "all Persons who have held, hold, or may hold Claims against or interests in [Liquidation][1] . . . from . . . commencing . . . any action or other proceeding of any kind against [Liquidation] with respect to any such Claim or Interest." (Doc. 18-1 at 31). Thus, it appears as if the plaintiff's claim is barred by the injunction.
>
> Further, Harding stated in his declaration that the plaintiff has not filed any claims against the estate. (Doc. 19-1 at 3). Accordingly it

---

[1] CGLA Liquidation, Inc. ("Liquidation") is the new entity formerly known as Cagle's, Inc.

appears that the plaintiff's claim may be administratively barred as well.

. . .

[T]he plaintiff shall **SHOW CAUSE**, within 7 days, why this case should not be dismissed as administratively barred, and/or enjoined by the bankruptcy court.

(Doc. 22 at 11-12). The time for responding to this court's order has now expired and no response has been filed by the plaintiff.

The plaintiff has failed to show why her case should not be dismissed as being filed in violation of the injunction issued by the bankruptcy court, and/or because she did not file a proof of claim[2] with the bankruptcy court. Under the circumstances, the court determines that this case should be **DISMISSED without prejudice**. Any

---

[2] As has been noted:

> When a debtor files a bankruptcy petition, creditors may file a "proof of claim." 11 U.S.C. § 501(a). Once a proof of claim is filed it will be deemed allowed, unless a party in interest objects to such claim. 11 U.S.C. § 502(a). When an objection is made, the court, "after notice and a hearing," will determine the amount of the claim and shall allow it, "except to the extent that ... such proof of claim is not timely filed." 11 U.S.C. § 502(b)(9). Bankruptcy Rule 3002(c) provides that to be timely filed, a proof of claim must be filed within 90 days after the first date set for the meeting of creditors, but that a proof of claim by a governmental unit—such as the IRS—may be filed within 180 days after the "date of the order for relief," which in a Chapter 13 case is the petition filing date. Fed. R. Bankr.Proc. 3002(c)(1); 11 U.S.C. § 301(b).

*In re Adams*, 502 B.R. 645, 646 (Bankr. N.D. Ga. 2013) (footnotes omitted). In this case no claim, timely or otherwise, was filed by the plaintiff. The plaintiff has failed to show why, under these circumstances, the claim she asserts in this case should be allowed.

party may reopen the case, upon good cause shown, to address any issue not resolved by the bankruptcy court, <u>and</u> which is not barred by, or barred as a result of, the proceedings in the bankruptcy court.  A separate order will be entered.

    **DONE** and **ORDERED** this 22nd day of April, 2014.

                                             **VIRGINIA EMERSON HOPKINS**
                                             United States District Judge